WIRT v. HICKS et al.

(Circuit Court, S. D. New York. February 23, 1891.)

1. PATENTS FOR INVENTIONS—FOUNTAIN PEN—ANTICIPATION.
    Letters patent Nos. 260,134, issued June 27, 1882, to Marvin C. Stone, and 311,534, issued February 3, 1885, to Paul E. Wirt, for fountain pens, in which the ink is led to the nibs by capillary attraction between the pen and a lip which extends into the ink reservoir, were not anticipated by British letters patent No. 2,858, issued October 2, 1869, to John Butcher, and letters patent No. 14,425, issued March 11, 1856, to A. F. and C. M. H. Warren, for pens having channels for guiding a flow of ink by gravity which might produce capillary attraction to aid the flow.

2. SAME—INFRINGEMENT.
    Said letters patent are infringed by a pen in which the ink is drawn from the reservoir by capillary attraction, though in it the atmospheric pressure which sustains the ink and regulates its flow is assisted by a disk with holes in it instead of a nozzle, as in the Wirt pen, and though the extension of this disk into the reservoir is different from the lip in the Wirt pen, since these parts, though different, do the same things in substantially the same way.

3. SAME—APPLICATION—AMENDMENT BY ATTORNEY.
    Where an application for patent is made by the inventor during his life by attorney, the fact that changes were made by the attorney in the specifications and claims without new oaths will not invalidate the patent, since a discretion as to the allowance of such amendments is vested in the commissioner.

In Equity. Bill for injunction.
Walter S. Logan, for complainant.
James A. Whitney, for defendants.

WHEELER, J.    This suit is brought upon letters patent No. 260,134, granted June 27, 1882, to Marvin C. Stone, and No. 311,534, granted February 3, 1885, to the orator, for fountain pens, in which the ink is led to the nibs by capillary attraction between a lip and the pen, and in those of the latter the ink is brought within reach of the attraction by an extension of the lip into the reservoir.    The defendants' pens are made under George H. Sackett, and letters patent No. 349,753, granted to him September 28, 1886.    These inventions were under consideration on substantially the same evidence in Sackett v. Smith, 42 Fed. Rep. 846, brought against a dealer in the orator's pens; and the question of their order in time was passed upon.    The conclusion upon this was that Stone's was first, the orator's next, and Sackett's last.    A careful examination of the evidence now leads to the same result, and the reasons there given for the conclusion are fully concurred in.    The novelty of the inventions of the orator's patents is further questioned upon several prior patents, and most closely upon British patent No. 2,858, of October 2, 1869, to John Butcher, and American patent No. 14,425, of March 11, 1856, to A. F. and C. M. H. Warren.    Each of these describes channels for guiding a flow of ink by gravity, which might produce capillary attraction to aid the flow, and might not; neither describes drawing the ink to the nibs by that process.    Stone's invention stands first as to that, and the orator's first for extending the lip into the reservoir.    The validity of both of the orator's patents is further questioned, because after the applications were filed important changes

were made by attorney in the specification and claims upon which the patents were granted without new oaths. The proofs show that the inventions patented were made by the inventors, respectively, before the making of the applications. Amendments in correction or amplification by attorney appear to be allowable. *Eagleton Manuf'g Co.* v. *West, etc., Manuf'g Co.*, 111 U. S. 490, 4 Sup. Ct. Rep. 593. Whether proposed amendments come within the scope of what is proper in that behalf must rest largely in the discretion of the commissioner, while the inventor is alive, and prosecuting his application by attorney. If the patentee was not the first inventor, or was not alive, and capable of having an attorney, or of prosecuting the application at the time of the amendment, the patent might fail. *Eagleton Manuf'g Co.* v. *West, etc., Manuf'g Co.*, 18 Blatchf. 218, 2 Fed. Rep. 774; 111 U. S. 490, 4 Sup. Ct. Rep. 593. These amendments do not appear clearly to have been outside of the commissioner's discretion, nor within any of these disabilities. None of the defenses or objections to either of the patents appears to be tenable, and both must therefore be considered as valid. This conclusion is borne out, to some extent, as to the orator's own patent by *Wirt* v. *Brown*, 30 Fed. Rep. 188, 32 Fed. Rep. 283. All these pens have a reservoir in a handle, closed at the top, in which the ink is sustained partly by atmospheric pressure. In Stone's this pressure is assisted by sponge or other porous material between the body of the ink and the pen, which also assists in regulating the outflow of ink and influx of air. In the orator's this pressure is assisted by what he calls a "nozzle," with openings through it for the outflow of ink and influx of air, and which holds the lip and its extension in place. In the defendants' this pressure is assisted by a disk, with holes through it for the outflow of ink and influx of air, and which supports a lip for leading ink to the nibs by capillary attraction, and an extension into the reservoir for keeping ink within reach of the attraction. The form of the disk is very different from that of the nozzle, and that of the extension from the disk into the reservoir very different from that from the lip through the nozzle into the reservoir, and the form of the lips is somewhat different; but still these parts do the same things in substantially the same way in each of these respective pens. Stone invented and patented the capillary feed; the orator the extension from the feed into the reservoir, in fountain pens. Neither invented mere improvements on these parts, although they were only improvements on such pens, but each invented the part itself in that combination. Each by his patent became entitled to a full monopoly of what he had so invented and patented. *Sewing-Machine Co.* v. *Lancaster*, 129 U. S. 263, 9 Sup. Ct. Rep. 299. The disk and extension into the reservoir of Sackett may be, and probably are, improvements upon the corresponding parts of the orator's pen; but taking the patented parts to build upon is none the less an infringement. The defendants have taken a part, at least, of the patented invention of each patent, as they are now considered. The orator therefore appears to be entitled to a decree.

Let a decree be entered for an injunction and an account, with costs.