WIRT v. FARRELLY et al.

(Circuit Court, S. D. New York. February 9, 1898.)

1. PATENTS—ANTICIPATION.

A patent cannot, as an anticipation, properly have implied into it, from necessity, more than it fairly shows, to make it represent an operative structure. What is required and not so shown is left for later inventors.

2. SAME—FOUNTAIN PENHOLDERS.

The Stone patent, No. 260,134, for a fountain penholder wherein the ink is drawn to the nibs of the pen by capillary attraction between a feed plate and the pen, *held* not anticipated, valid, and infringed, as to claims 2 and 4.

This was a suit in equity by Paul E. Wirt against Stephen Farrelly and others for alleged infringement of a patent for a fountain pen.

Walter S. Logan, for plaintiff.
George S. Prindle, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 260,134, dated June 27, 1882, and granted to Marvin C. Stone, for a fountain penholder wherein the ink is drawn to the nibs of the pen by capillary attraction between a feed plate or plates and the pen. The claims in question are:

"(2) In a fountain pen, the combination of the body wherein a column of ink is sustained mainly by atmospheric pressure, a writing pen of ordinary form at the lower end of said body, one or more feeders with surfaces lying adjacent to the pen, and extending from the ink supply downward to the point of the pen, and an air admission to the lower end of the reservoir, substantially as shown, whereby an automatic and constant feeding of the ink from the reservoir to the point of the pen is secured by capillary action."

"(4) In a fountain pen, the combination of a reservoir wherein the ink is sustained by atmospheric pressure, a writing pen, a feed plate lying adjacent to said pen, with a thin passage between the two for the feed of the ink from the reservoir, and an air admission at the foot of the reservoir, distinct from the passage through which the ink descends to the pen."

The patent was before this court, and sustained as an anticipation, in Sackett v. Smith, 42 Fed. 846, and as a foundation of recovery, and was held valid, in Wirt v. Hicks, 45 Fed. 256. Several anticipations besides those claimed in the latter case have been set up here, most of them, however, as showing some form of capillary feed, but not "the capillary feed" between a plate and the pen, of which Stone was there found and held to be the first inventor. That nearest to this invention, and the only one seeming to require further notice, is patent No. 16,299, dated December 23, 1856, and granted to A. F. Warren, for a fountain pen, in which the pen itself was to be held between two plates, the upper ends of which went up through a plug with grooved passages at its sides, in the lower end of the ink cylinder, and the lower ends down to the nibs of the pen; and what was done under that patent. If there was to be by the terms of the patent, or was when the pens were made, a passage through the plug between the plates down to and along the pen for the flow of ink, that arrangement would seem to have been a full anticipation of these claims. The specification of the patent says:

"A represents a hollow cylinder which forms the ink fountain or reservoir. This fountain may be constructed of glass or metal, and is made of a suitable length and diameter, so as to form a convenient handle or holder. B represents a tube, which is fitted on the upper part of the cylinder, A, and is allowed to slide freely thereon. This tube has a rod, C, attached to the inner side of its upper end, the rod, C, extending downward within the cylinder, A. The rod, C, passes through a stopper, a, in the upper end of the cylinder, A. To the lower end of the rod, C, two plates, b, c, are attached. These plates pass through a plug, D, which is fitted within the cylinder, A, said plug being grooved longitudinally at its periphery, as shown at d, Fig. 2, to allow the ink to pass through. E represents the pen, which is fitted between the two plates, b, c, the upper end of the pen passing a suitable distance into the plug. D. The plate, b, is at the upper side of the pen, and the plate, c, is at the under side. The two plates serve to support the pen in the plug, D, and also serve as feeders to conduct the ink to the nibs of the pen, the two plates extending down to within a short distance of the nibs. The plug and plates are connected together, and as the pen is fitted between the plates and into the plug, and the plates attached to the rod, C, it will be seen that by drawing the tube, B, upward, the pen will be drawn within the cylinder, A, as shown in Fig. 2. A cap, F, is fitted on the upper end of the tube, B, and this cap, when the pen is drawn within the cylinder, A, is fitted over the lower end of the cylinder, to prevent the ink from escaping therefrom. The cylinder, A, may be filled with ink by drawing the pen within it, and inverting the cylinder, or holding its lower end upward, and pouring the ink into it. The pen may then be shoved outward till the lower end of the plug is flush with the lower end of the cylinder, and the implement is ready for use, as shown in Fig. 1."

The drawings show the plates attached to the rod above the plug, with no other attachment of the rod to the plug; and, as the plug was to be moved by the rod, the plates must be attached firmly to the plug. There could be no passage for ink through the plug but between the plates, and none such is there shown or mentioned; and, if there was one it would be stopped up by the insertion of the pen between the plates firmly enough to be held by them. The grooved passages at the periphery of the plug are both mentioned and shown for the flow of the ink; and, as the plates are described as feeders for conducting the ink to the nibs of the pen, they would have to take it along their edges from the lower side of the plug at the ends of the passages. These passages are suggested, in argument, to have been intended for the flow of ink inward only, to fill the pen; and an operative structure by a passage for ink to the pen, somehow between the plates, is said to have been implied. The passages shown would, however, be as good for the ink either way as for the other; and, not being limited to either, would not imply any, from necessity, for the other. A patent cannot, as an anticipation, properly have implied into it, from necessity, more than it fairly shows, to make it represent an operative structure. What is required, and not so shown, is left for later inventors. Dashiell v. Grosvenor, 162 U. S. 425, 16 Sup. Ct. 805; Universal Winding Co. v. Willimantic Linen Co., 82 Fed. 228. This patent does not expressly or by necessary implication seem fairly to show a passage between a plate and a pen for capillary flow of ink to the nibs of the pen, which is the gist of Stone's invention.

Warren appears to have made pens for sale, but not successfully; and none of them have been produced. A witness who assisted him has testified that some of them had a passage for the ink through the plug, and, later, that he did not know whether, when completed, they did or not.

This falls short of proving that they did, and far short of proving beyond a reasonable doubt that they did, as is necessary to defeat a patent.

The patent in suit describes the upper end of the ink reservoir as "closely filled with a mass of sponge or other porous, absorbent material" for preventing accidental discharge of the ink, and assisting "in sustaining the same in the holder," but says: "The column of ink will, however, be sustained in the reservoir, when the latter is held upright, by atmospheric pressure, aided, perhaps, by a slight capillary attraction without the presence of the sponge." Two other claims include the porous material; these do not in express terms, but are said in argument on the question of infringement to do so by implication, which would avoid infringement. As the specification describes the invention both with and without the porous material, it might well be claimed both ways, however it might be otherwise. Upon these considerations, these claims appear again to be valid, and the defendants to infringe. Decree for plaintiff.